UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL THOMAS BALINT,<br><br>              Petitioner,<br><br>      v.<br><br>WARDEN, NORTH KERN,<br><br>              Respondent. | No. CV 11-6307-BRO (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On October 24, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and dismissed with prejudice. On April 3, 2017, petitioner filed Objections to the R&R.

The Magistrate Judge in the R&R concluded, inter alia, that petitioner's denial of counsel claim in Ground One of the Petition was procedurally barred, and that petitioner could not overcome the procedural bar because his "cause and prejudice" argument based on ineffective assistance of appellate counsel lacked merit. (See R&R at 15-21). Petitioner objects to the R&R's analysis of his "cause and prejudice" argument. In particular, petitioner argues that "clear Ninth Circuit and Supreme Court authority" dictate that the failure to notify counsel before responding to a jury question "regarding the law is structural [error] mandating reversal" under United States

v. Cronic, 466 U.S. 468, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).[1] (Objections at 8). Petitioner alternatively argues that, based on the Ninth Circuit's recent decision in United States v. Martinez, 850 F.3d 1097 (9th Cir. 2017), the trial court's alleged error was not harmless. (Objections at 9-11).

In Martinez, the defendant was on trial for being a removed alien found in the United States, and the jury was tasked with making two findings: whether the defendant was guilty of being a removed alien found in the United States, and, if so, whether the defendant had been "'removed from the United States after December 3rd, 2010.'"[2] Id. at 1099. During deliberations, the jury sent a note to the judge asking about the significance of the December 3rd date, and without notifying counsel, the judge responded: "It is a matter for the court to consider, not the jury. The jury has to consider whether the defendant was deported or removed after that date." (Id. at 1100). On appeal, the Ninth Circuit concluded that the trial court violated the defendant's constitutional rights by responding to the jury note without notifying counsel and considered whether the error was harmless by applying the three factors set forth in United States v. Frazin, 780 F.2d 1461, 1470 (9th Cir. 1986): (1) the probable effect of the message actually sent; (2) the likelihood that the court would have sent a different message had it consulted with the defense beforehand; and (3) whether any changes in the message that the defense might have obtained would have affected the verdict in any way. Martinez, 850 F.3d at 1105. After determining that the trial court's response was misleading and confusing and, had counsel been notified, a more accurate response would have been formulated, which could have had an effect on the verdict, the Martinez court concluded that the error was constitutionally harmful, and vacated the sentence. (Id. at 1106-09).

---

[1] In Cronic, the Supreme Court held that the denial of counsel at a critical stage of trial was structural error. 466 U.S. at 659, n.25.

[2] If the jury found that the defendant was removed after December 3, 2010, the statutory maximum sentence for his illegal reentry conviction would increase from two to twenty years. Martinez, 850 F.3d at 1105.

Here, to the extent petitioner contends that both Supreme Court and Ninth Circuit authority hold that a trial court's error in responding to a jury note without notifying counsel amounts to structural error, his contention is mistaken. In Martinez, the Ninth Circuit specifically declined to decide whether the error in that case was structural, and noted that "we have never held that such error is structural error." See Martinez, 850 F.3d at 1103, 1105 (also noting "our previous cases suggest that the question whether the failure to consult counsel about a mid-deliberations jury note is structural error turns on both the nature of the jury's request and the need for counsel's participation in formulating a response."). In any event, "[o]n a federal question, the decisions of the lower federal courts, while persuasive, are not binding on state courts." Forsyth v. Jones, 57 Cal.App.4th 776, 782, 67 Cal.Rptr.2d 357, 361 (Cal. App. 4 Dist. 1997). On the other hand, while the decisions of the United States Supreme Court are binding on state courts (see id.), petitioner has not cited to -- and the Court is not aware of -- any Supreme Court authority holding that a trial court's response to a jury question without notification to counsel amounts to structural error.

Thus, with respect to petitioner's cause and prejudice argument that appellate counsel was ineffective for failing to raise the denial of counsel claim, had the claim been raised, the California Court of Appeal was not bound by any Supreme Court authority to conclude that the trial court's alleged error was structural and reversal was required. Rather, as the R&R explains, had the appellate court considered the denial of counsel claim and assessed the alleged error for harmlessness, there is no reasonable probability that the appellate court would have found the error to be constitutionally harmful in light of its determination that the trial court's response "was a correct statement of law that could not have misled the jury," and that "[n]o more elaborate response was necessary." (See Lodgment No. 6 at 13).[3] Accordingly, the Court concludes that

---

[3] The Court notes that, in Martinez, the Ninth Circuit based its determination in part on the fact that, had defense counsel been consulted before the trial court responded to the jury note, counsel would have "specifically requested that the trial court instruct the jury" in a different manner. 850 F.3d at 1099. Specifically, defense counsel would have "asked that the court's response 'provide proper guidance on the deliberative significance of the date finding, including that it had to be proven beyond a reasonable doubt'"; "would have ensured that the jury was
(continued...)

petitioner's claim that appellate counsel was ineffective for failing to raise the "denial of counsel" claim, and that this ineffective assistance serves as cause and prejudice for overcoming the procedural default of Ground One, lacks merit.

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the relevant filings, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: April 20, 2017

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
instructed not merely to 'consider' the date of removal, but to make an affirmative determination about it"; and "likely would have recommended that the note exclude any mention of the court's role in considering the previous conviction or removal dates." <u>Id.</u> at 1107. The Ninth Circuit determined that "[t]here is no reason to think that the judge would have refused to incorporate counsel's uncontroversial suggestions, which would have resulted in a clearer and more accurate response to the jury's question." <u>Id.</u> Here, in contrast, defense counsel signed a declaration under penalty of perjury that, had he been "presented with the question, 'in order to apply the defense of duress or necessity, it is necessary to meet ALL the requirements or elements listed in the law (for necessity and duress defense),' [he] would *not* have requested argument" and "[his] answer to the question would have been 'yes,'" just as the trial court in fact responded. (<u>See</u> Docket No. 97, Exhibit B). Thus, assuming *arguendo* that the trial court in petitioner's case did in fact fail to notify counsel, because petitioner's counsel agrees with the trial court's response of "yes," there is no likelihood that the trial court would have sent a different message to the jury if defense counsel had been consulted, which further bolsters the harmless error determination.

4